**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4371**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KRISTYN DION DANEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00078-LCB-1)

Submitted:  January 22, 2020                                    Decided:  January 28, 2020

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristyn Dion Daney pled guilty to one count of aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2) (2018). Daney's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Daney's sentence of nine months and one day is reasonable. Daney has filed a pro se supplemental brief raising additional issues. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the district court did not commit procedural error, and Daney fails to rebut the presumption that his sentence is substantively

2

reasonable. The district court properly calculated his Guidelines range and reasonably determined that a downward variance from that range was appropriate in this case.

In his pro se brief, Daney contends that counsel rendered ineffective assistance by failing to investigate and contest the Government's calculation of losses sustained by the Internal Revenue Service. He also alleges that this failure caused him to accept a plea agreement without justification and increased his sentence. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (internal quotation marks omitted). Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We have thoroughly reviewed the record and conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. Accordingly, this claim may not be "addressed on direct appeal" and "should be raised, if at all, in a 28 U.S.C. § 2255 [ (2018) ] motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Daney's conviction and sentence. We also deny counsel's motion to withdraw. This court requires that counsel

inform Daney, in writing, of the right to petition the Supreme Court of the United States for further review. If Daney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*